United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARPER IMAGE CORPORATION, a
Delaware corporation, and ZENION
INDUSTRIES, INC., a California
corporation,

                    Plaintiffs,

        v.

HONEYWELL INTERNATIONAL, INC., a
Delaware corporation, and KAZ, INC.,
a New York corporation,

                    Defendants.

_____/

No. C 02-4860 CW
(Lead Case)
No. C 04-0529 CW
(Consolidated
Case)

ORDER GRANTING
PLAINTIFFS' MOTION
FOR A PARTIAL STAY

     Plaintiffs Sharper Image Corporation and Zenion Industries,

Inc. move for a partial stay of this action pending the Patent

and Trademark Office's (PTO) consideration of the application

for reissuance of U.S. Patent No. 6,713,026 ('026 patent).

Specifically, Plaintiffs move to stay only those claims relating

to the '026 patent.  Defendant Kaz, Inc. has filed a statement

of non-opposition to the motion.  The matter was taken under

submission on the papers.  Having considered the moving papers,

the Court GRANTS Plaintiffs' motion to stay all claims relating

to the '026 patent.

**United States District Court**
For the Northern District of California

1      On January 21, 2005, Sharper Image filed with the PTO an

2  application for reissuance of the '026 patent.  As part of that

3  application, Sharper Image intends to add five new claims to the

4  '026 patent.

5      On April 18, 2005, in <u>Sharper Image v. Ionic Pro</u>, 04-0824

6  CW, this Court granted a similar motion, filed by Sharper Image,

7  to stay all claims relating to the '026 patent pending

8  completion of the PTO's reexamination process.  The Court stayed

9  the '026 patent claims because, <u>inter alia</u>, doing so facilitated

10 the resolution of that lawsuit.  The Court ruled that the

11 relevant claims of the '026 patent would likely change as a

12 result of the reexamination process; thus, it was not efficient

13 to continue litigating the '026 patent pending the PTO's

14 reexamination.  The Court adopts that same reasoning here.

15      For the foregoing reasons, and in light of Kaz's statement

16 of non-opposition, Plaintiffs' motion for a partial stay (Docket

17 No. 322) is GRANTED.  All claims in this action relating to the

18 '026 patent shall be stayed pending the PTO's reissue

19 proceedings.

20      IT IS SO ORDERED.

21

22

23 Dated: 6/2/05                         /s/ CLAUDIA WILKEN
                                       CLAUDIA WILKEN
24                                     United States District Judge

25

26

27

28                                2