IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARPER IMAGE CORPORATION, a Delaware corporation, and ZENION INDUSTRIES, INC., a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL, INC., a Delaware corporation, and KAZ, INC., a New York corporation,<br><br>    Defendants.<br>_____/ | No. C 02-4860 CW<br><br>(Consolidated Case)<br>No. C 04-0529 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANT KAZ'S COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION |

    Plaintiffs Sharper Image Corporation and Zenion Industries, Inc. move to dismiss for lack of subject matter jurisdiction Defendant Kaz, Inc.'s counterclaims for declaratory judgment of patent non-infringement and invalidity. Kaz opposes the motion. The matter was taken under submission on the papers. Having considered the parties' papers, the Court GRANTS Plaintiffs' motion to dismiss Kaz's counterclaims.

BACKGROUND

    Sharper Image is the assignee of U.S. Patent Nos. 6,176,977 ('977 patent) and 6,350,417 ('417 patent), and Zenion is the assignee of U.S. Patent No. 4,789,801 ('801 patent). Plaintiffs apply the technology described in the '977, '417 and '801 patents in their Ionic Breeze Air Purifier product line. Sharper Image and Zenion filed their original complaint on October 8, 2002, alleging that Defendants Honeywell International, Inc. and Kaz had infringed

the '977, '417 and '801 patents in developing their Environizer air purifier product line. Sharper Image v. Honeywell & Kaz, C 02-4860 CW.

In February, 2004, Sharper Image filed a separate complaint against Kaz alleging infringement of three additional patents. Sharper Image v. Kaz, C 04-0529 CW. The two lawsuits were consolidated on April 1, 2004. On April 21, 2004, Plaintiffs filed their consolidated amended complaint. On May 5, 2004, Honeywell and Kaz answered the consolidated complaint separately, and each asserted counterclaims for declaratory judgment of patent non-infringement and invalidity.

On May 16, 2005, Plaintiffs entered into a confidential settlement agreement with Honeywell that, inter alia, included a release from all claims in the lawsuit relating to the '977, '417 and '801 patents. On June 2, 2005, the Court approved a stipulation of dismissal; all of Plaintiffs' claims against Honeywell were dismissed with prejudice, and all of Plaintiffs' claims against Kaz relating to the '977, '417 and '801 patents were also dismissed with prejudice. In addition, all of Honeywell's declaratory judgment counterclaims were dismissed with prejudice.

On June 27, 2005, Plaintiffs filed this motion to dismiss Kaz's declaratory judgment counterclaims for patent non-infringement and invalidity relating to the '977, '417 and '801 patents.

## LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R.

Civ. P. 12(b)(1).  Federal subject matter jurisdiction must exist at the time the action is commenced.  <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1006 (1989).  A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979); <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1177 (9th Cir. 1987).

## DISCUSSION

Plaintiffs argue that the Court lacks subject matter jurisdiction over Kaz's counterclaims because, in light of the settlement agreement and dismissal order, there is no case or controversy relating to the '977, '417 and '801 patents.  As applied to declarations of patent rights and relationships, the Federal Circuit has applied a two-pronged test to determine declaratory justiciability: (1) action by the patentee that creates reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity that could constitute infringement or concrete steps taken with the intent to conduct such activity.  <u>BP Chems. Ltd. v. Union Carbide Corp.</u>, 4 F.3d 975, 978 (Fed. Cir. 1993).  A patentee defending against an action for a declaratory judgment can divest the district court of subject matter jurisdiction by filing a covenant not to assert the patents at issue against the putative infringer. <u>Super Sack Mfg. Corp. v. Chase Packaging Corp.</u>, 57 F.3d 1054, 1058

3

(Fed. Cir. 1995).

Here, Plaintiffs' claims against Kaz for infringement of the '977, '417 and '801 patents have been dismissed with prejudice, and under the terms of the settlement agreement Plaintiffs have granted Kaz a release for its Environizer products from all claims relating to the patents.  Thus, Plaintiffs argue, Kaz has no reasonable apprehension that it will face an infringement suit based upon any of the formerly-accused products.

Kaz argues that it still has a reasonable apprehension that it will face suit because it is obliged by contract to indemnify its customer RadioShack against allegations of infringement for the sale of Environizer products.  Kaz notes that Plaintiffs have not released RadioShack from claims relating to the '977, '417 and '801 patents.  Kaz also argues that it is conceivable, even in light of the settlement agreement and dismissal order, that Plaintiffs could sue Kaz in the future for alleged infringement based upon a different Kaz product.  If that were to occur, Kaz contends, it may be precluded from raising an invalidity defense if its counterclaims were dismissed with prejudice here.

In its reply brief, Plaintiffs covenant not to sue any of Kaz's customers, including RadioShack, for infringement of the '977, '417 and '801 patents in relation to sales of the accused Environizer products.  In Super Sack, the court ruled that a covenant not to sue that was asserted in motion papers had the same effect as a covenant signed by the company itself.  57 F.3d at 1059.

Kaz's argument that it still has a reasonable apprehension of

4

facing a future infringement lawsuit relating to the '977, '417 or '801 patents is not well-taken. If Kaz is referring to products that it has not yet manufactured, the Federal Circuit has already rejected an identical argument: "The residual possibility of a future infringement suit based on [] future acts is simply too speculative a basis for jurisdiction over [a] counterclaim for declaratory judgments of invalidity." Super Sack, 57 F.3d at 1060. And, if Kaz is referring to products that it currently manufactures but that are not accused in this action, dismissal of its counterclaims for declaratory judgment will not have a preclusive effect on its ability to assert any defense in a future action accusing products that are not in suit here. See Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 479-80 (Fed. Cir. 1991).

For the foregoing reasons, Kaz has no reasonable apprehension that it will face suit for infringement of the '977, '417 and '801 patents; thus, its counterclaims for declaratory judgment of patent non-infringement and invalidity must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss Defendant Kaz, Inc.'s counterclaims for declaratory judgment of patent non-infringement and invalidity (Docket No. 336) is GRANTED. Kaz's counterclaims are dismissed without prejudice.

This order resolves all issues in Sharper Image v. Honeywell & Kaz, C 02-4860 CW. Thus, it is no longer necessary to consolidate it with Sharper Image v. Kaz, C 04-0529 CW. The Clerk shall enter judgment and close the file in Sharper Image v. Honeywell & Kaz, C 02-4860 CW. Sharper Image v. Kaz shall proceed under its

5

original case number, C 04-0529 CW.  The parties in <u>Sharper Image v. Kaz</u>, C 04-0529 CW, shall appear for a case management conference in this Court on Friday, March 3, 2006 at 1:30 p.m.  The parties shall file a joint case management statement no later than ten days prior to the conference.

   IT IS SO ORDERED.

Dated: 8/31/05

_____
CLAUDIA WILKEN
United States District Judge